IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:16-CR-281-FL-1
No. 5:18-CV-147-FL

| | |
|---|---|
| MICHAEL ERIC TILLERY, JR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter is before the court on petitioner's motions to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, (DE 68, 79), and the government's motion to dismiss (DE 81). Petitioner responded in opposition to the motion to dismiss, and in this posture the issues raised are ripe for ruling. For the reasons that follow, the court grants in part and denies in part the motion to dismiss and refers petitioner's ineffective assistance of counsel claim for evidentiary hearing.

## BACKGROUND

Petitioner pleaded guilty on March 15, 2017, pursuant to a written plea agreement, to possession of one or more firearms by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The court sentenced petitioner, on January 29, 2018, to a term of imprisonment of 82 months. Petitioner did not appeal.

Petitioner filed his first instant motion to vacate on April 6, 2018, asserting that his guidelines sentencing range was improperly calculated in light of the recent decision by the United States Court of Appeals for the Fourth Circuit in United States v. McCollum, 885 F.3d 300, 303 (4th Cir. 2018). Upon the government's first motion to dismiss this claim as a matter of law, petitioner

responded by asserting an additional claim based upon ineffective assistance of counsel on appeal. On June 19, 2018, the court denied the government's first motion to dismiss and directed petitioner to file an amended § 2255 motion on the correct form including his newly-asserted ineffective assistance of counsel claim.

Petitioner filed the instant amended § 2255 motion on July 10, 2018, asserting as his first claim that counsel was ineffective in failing to file an appeal after being instructed to do so by petitioner. As his second claim, petitioner contends that the offense of North Carolina conspiracy to commit robbery, which was used as a predicate offense in calculating his guidelines sentencing range, is not a qualifying crime of violence.

The government filed the instant motion to dismiss on August 15, 2018, arguing that petitioner's claims must be dismissed as a matter of law. Petitioner responded reiterating the basis for his claims.

## COURT'S DISCUSSION

A.     Standard of Review

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). "The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent

with any statutory provisions, or the [§ 2255 Rules], may be applied to" § 2255 proceedings. Rules Governing Section 2255 Proceedings, Rule 12.

B.   Analysis

   1.   Ineffective Assistance of Counsel

In his first claim, petitioner alleges that counsel was ineffective in failing to file an appeal after being instructed to do so by petitioner.

Analysis of an ineffective assistance of counsel claim requires application of the two-part test established by Strickland v. Washington, 466 U.S. 668, 690-94 (1984). First, the petitioner must show that his counsel's performance was deficient in that it fell below the standard of reasonably effective assistance. Id. at 687-691. Second, the petitioner must show that there is a reasonable probability that, but for his counsel's errors, the result of the proceeding would have been different. Id. at 694.

"[A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000). Further, "where [a] defendant unequivocally instructs an attorney to file a timely notice of appeal, prejudice is presumed because it results in the 'forfeiture' of the appellate proceeding." United States v. Poindexter, 492 F.3d 263, 268 (4th Cir. 2007) (quoting Roe, 528 U.S. at 483).

Accordingly, "when a defendant brings a § 2255 claim based on his attorney's failure to file a requested notice of appeal, the district court should hold a hearing if it is unclear in the record whether the attorney was so instructed." Id. at 272. The nature of the hearing is "a simple evidentiary hearing" "to determine whether [the defendant] unequivocally instructed his attorney to file a notice of appeal." Id. at 272, 273. "If his attorney was so instructed, [the defendant] is to

3

be allowed a direct appeal." Id. at 273. "If his attorney was not so instructed, the court will have to determine if [the defendant] met his burden of showing that: (1) his attorney had a duty to consult under Flores-Ortega; (2) his attorney failed to fulfill his consultation obligations; and (3) he was prejudiced by his attorney's failure to fulfill these obligations." Id.

Here, petitioner specifically alleges that he asked his attorney about appealing and stated to him that he would like to appeal, but his attorney responded "It isn't in your best interest." (Am. Mot. (DE 79) at 4). Petitioner reiterates in his opposition to motion to dismiss, in verified response, that he "did in fact, after sentencing conclusion give a clear, and unequivocal notice to his counsel of record that he would've like to appeal." (Opp. (DE 84) at 4). Therefore, an evidentiary hearing is required to determine whether petitioner "unequivocally instructed his attorney to file a notice of appeal." Poindexter, 492 F.3d at 273.

The government suggests in its motion that petitioner's claim for ineffective assistance fails because "the appellate waiver in [petitioner's] plea agreement wold have barred any appeal." (Mot. (DE 82) at 5). However, "an attorney renders constitutionally ineffective assistance of counsel if he fails to follow his client's unequivocal instruction to file a notice of appeal even though the defendant may have waived his right to appeal." Poindexter, 492 F.3d at 273. As such, the appeal waiver is not determinative of the instant claim.

Accordingly, the court will refer the matter to a magistrate judge to conduct the evidentiary hearing and to make findings of fact and proposed conclusions of law regarding the merit of this claim. Because the court has determined that an evidentiary hearing is warranted, the court "must appoint an attorney to represent" petitioner, under 18 U.S.C. § 3006A, at the evidentiary hearing. Rule 8(c) of the Rules Governing § 2255 Proceedings. Accordingly, the court will direct the Federal

Public Defender to oversee appointment of counsel for purposes of representing petitioner at the evidentiary hearing. Further, because of the nature of the ineffective assistance of counsel inquiry at this time, petitioner's presence is required at this evidentiary hearing. See Raines v. United States, 423 F.2d 526, 530 (4th Cir. 1970). Accordingly, once the hearing is scheduled, the government, in consultation with the United States Marshal's Service, will need to take necessary steps to secure the attendance of petitioner at the evidentiary hearing.

2.  Calculation of Guidelines Sentencing Range

In his second claim, petitioner contends that the offense of North Carolina conspiracy to commit robbery, which was used as a predicate offense in calculating his guidelines sentencing range, is not a qualifying crime of violence. A claim challenging the court's calculation of a petitioner's guidelines sentencing range, however, is not cognizable on collateral review. See United States v. Foote, 784 F.3d 931, 932 (4th Cir. 2015). Accordingly, this claim must be dismissed as a matter of law, and the government's motion to dismiss in this part is granted.

## CONCLUSION

Based on foregoing, the government's motion to dismiss is GRANTED IN PART and DENIED IN PART. Petitioner's second claim for relief is DISMISSED. Petitioner's first claim for ineffective assistance of counsel in failing to notice appeal shall proceed to evidentiary hearing. The court DIRECTS the clerk to refer the matter to United States Magistrate Judge Robert T. Numbers, II, to schedule and conduct an evidentiary hearing on petitioner's second claim for ineffective assistance of counsel in failing to notice appeal, and to make findings of fact and proposed conclusions of law regarding the merit of this claim. The court DIRECTS the Federal Public Defender to oversee appointment of counsel for purposes of representing petitioner at the evidentiary

5

hearing. Where petitioner's presence is required at hearing, once the hearing is scheduled, the government, in consultation with the United States Marshal's Service, is DIRECTED to take necessary steps to secure the attendance of petitioner at the evidentiary hearing.

SO ORDERED, this the 3rd day of April, 2019.

LOUISE W. FLANAGAN
United States District Judge