IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:18-CV-147-FL-1
NO. 5:16-CR-281-FL-1

| | | |
|---|---|---|
| MICHAEL ERIC TILLERY, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, as amended, (DE 68, 79) and respondent's motion to dismiss (DE 81). The court previously granted in part and denied in part the motion to dismiss, leaving petitioner's claim of ineffective assistance of counsel for evidentiary hearing. Pursuant to 28 U.S.C. § 636(b)(1)(B), United States Magistrate Judge Robert T. Numbers, II entered a memorandum and recommendation ("M&R") (DE 102), wherein it is recommended that the court deny petitioner's motion and grant respondent's motion. Thereafter, petitioner objected to M&R. In this posture, the issue raised are ripe for ruling. For the following reasons, the court adopts the M&R, denies petitioner's § 2255 motion, and grants respondent's motion.

**BACKGROUND**

Petitioner pleaded guilty on March 15, 2017, pursuant to a written plea agreement, to possession of one or more firearms by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The court sentenced petitioner, on January 29, 2018, to a term of imprisonment of 82 months. Petitioner did not appeal.

Petitioner filed his first instant motion to vacate on April 6, 2018, asserting that his guidelines sentencing range was improperly calculated in light of the decision by the United States Court of Appeals for the Fourth Circuit in United States v. McCollum, 885 F.3d 300, 303 (4th Cir. 2018). Upon the government's first motion to dismiss this claim, petitioner responded by asserting an additional claim based upon ineffective assistance of counsel on appeal.

On June 19, 2018, the court denied the government's first motion to dismiss and directed petitioner to file an amended § 2255 motion on the correct form including his newly-asserted ineffective assistance of counsel claim.

Petitioner filed the instant amended § 2255 motion on July 10, 2018, asserting as his first claim that counsel was ineffective in failing to file an appeal after being instructed to do so by petitioner. As his second claim, petitioner contends that the offense of North Carolina conspiracy to commit robbery, which was used as a predicate offense in calculating his guidelines sentencing range, is not a qualifying crime of violence.

Upon respondent's motion to dismiss, the court dismissed petitioner's second claim as a matter of law and referred petitioner's first claim to magistrate judge for evidentiary hearing. At evidentiary hearing on May 16, 2019, the court heard testimony of defendant and defendant's trial counsel. M&R entered on July 15, 2019, recommending denial of petitioner's first claim. Counsel appointed for purposes of evidentiary hearing withdrew, and petitioner filed pro se objections to the M&R on December 11, 2019.

## DISCUSSION

A.     Standard of Review

The district court reviews de novo those portions of the M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes

only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). "The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions, or the [§ 2255 Rules], may be applied to" § 2255 proceedings. Rules Governing Section 2255 Proceedings, Rule 12.

B.   Analysis

In his first claim, which remains for adjudication, petitioner asserts that counsel was ineffective in failing to file an appeal after being instructed to do so by petitioner.

Analysis of an ineffective assistance of counsel claim requires application of the two-part test established by Strickland v. Washington, 466 U.S. 668, 690-94 (1984). First, the petitioner must show that his counsel's performance was deficient in that it fell below the standard of

reasonably effective assistance. Id. at 687-691. Second, the petitioner must show that there is a reasonable probability that, but for his counsel's errors, the result of the proceeding would have been different. Id. at 694.

"[A] lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000). Further, "where [a] defendant unequivocally instructs an attorney to file a timely notice of appeal, prejudice is presumed because it results in the 'forfeiture' of the appellate proceeding." United States v. Poindexter, 492 F.3d 263, 268 (4th Cir. 2007) (quoting Roe, 528 U.S. at 483). On the other hand, "a defendant who explicitly tells his attorney not to file an appeal plainly cannot later complain that, by following his instructions, his counsel performed deficiently." Roe, 528 U.S. at 477 (emphasis in original).

In addition, an attorney must consult with a defendant about an appeal if "there is reason to think . . . that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal)," or "that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." Id. at 480. Once the duty arises, the attorney must "advis[e] the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." Id. at 478. After doing so, an attorney's "failure to file an appeal is deficient only if it contradicts the defendant's instruction to appeal." Hudson v. Hunt, 235 F.3d 892, 896 (4th Cir. 2000).

Here, the magistrate judge correctly determined based upon the testimony at evidentiary hearing that defendant did not unequivocally instruct counsel to file an appeal, and that counsel properly advised defendant about the advantages and disadvantages of taking an appeal, while

making a reasonable effort to discovery defendant's wishes. Accordingly, counsel's performance was not deficient in failing to file a notice of appeal.

In his objections, petitioner argues that his counsel "did not advise him of the advantages of taking an appeal." (DE 111 at 3). However, counsel testified that he discussed with defendant the availability of an appeal, and specifically talked with defendant about the issues associated with the objection that was overruled. (See Tr. (DE 101) at 50, 69). Counsel testified "there was, I guess, some hope that maybe there would be a change in that, just based on kind of prior cases that had been -- had come out and so we talked about that a little bit." (Id. at 50). Counsel had, however, previously reviewed the appeal waiver in the plea agreement with defendant, and counsel told the defendant after sentencing that he "thought the 82 months was a fair sentence, considering his guideline range was 92 to 115 months." (Id.). After post-sentencing discussions about an appeal, defendant did not instruct counsel to file an appeal. (See, e.g., id. at 71).

In sum, defendant has not met his burden of showing by a preponderance of the evidence that counsel was deficient by failing to file a notice of appeal, where the record reflects that counsel advised defendant of the advantages and disadvantages of an appeal, and defendant did not instruct counsel to file an appeal.

C.    Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate that reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000). After reviewing the claims

presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

## CONCLUSION

Based on the foregoing, the court ADOPTS the M&R. Petitioner's motion to vacate, set aside, or correct his sentence, as amended, (DE 68, 79) is DENIED, and respondent's motion to dismiss (DE 81) is GRANTED, in accordance with the foregoing analysis and the court's April 3, 2019, order. A certificate of appealability is DENIED. The clerk is DIRECTED is close this case.

SO ORDERED, this the 2nd day of January, 2020.

                                                      LOUISE W. FLANAGAN
                                                      United States District Judge